THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| NORTH CAROLINA STATE UNIVERSITY,<br><br>        Plaintiff,<br><br>v.<br><br>WOLFPACK AUTO SALES, LLC, and FRED LYNN,<br><br>        Defendants. | Civil Case No. _____ |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

    1.    Plaintiff North Carolina State University, a constituent part of the University of North Carolina system, ("NC State" or "Plaintiff") files this Complaint for Damages and Injunctive Relief against Defendants Wolfpack Auto Sales, LLC ("Wolfpack Auto") and Fred Lynn ("Lynn") (both defendants, collectively, "Defendants") and in support alleges as follows:

**NATURE AND BASIS OF ACTION**

    2.    This action arises out of Defendants' unauthorized use of NC State's WOLFPACK mark and colors associated therewith. Specifically, this action is for federal trademark and service mark infringement in violation of the federal Lanham Act, 15 U.S.C. § 1114(1); unfair competition in violation of the federal Lanham Act, 15 U.S.C. § 1125(a); trademark dilution in violation of the federal Lanham Act, 15 U.S.C. § 1125(c); common law trademark and service mark infringement; common law unfair competition; and unfair and deceptive trade practices in violation of North Carolina's Unfair & Deceptive Trade Practices Act ("UDPTA"), N.C.G.S. § 75-1.1 *et seq*. NC State seeks damages, including punitive damages, and temporary, preliminary and permanent equitable relief.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff NC State is a land-grant state university organized and existing under the laws of the state of North Carolina. NC State's Trademark Licensing Office is located at 2721 Sullivan Dr., 1107 Admin. 1 Building, Raleigh, North Carolina 27695.

4. Upon information and belief, Wolfpack Auto is a limited liability company organized and existing under the laws of the state of North Carolina with its principal place of business at 320 Hillsborough St., Raleigh, North Carolina 27607. Wolfpack Auto may be served with process through its registered agent, Ginger Lynn, at that same address.

5. Upon information and belief, Defendant Fred Lynn is an individual who resides in or about Raleigh, North Carolina, and may be served with process at 320 Hillsborough St., Raleigh, North Carolina 27607.

6. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has supplemental jurisdiction over NC State's state law and common law claims pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendant Wolfpack Auto because Wolfpack Auto is organized under the laws of the state of North Carolina, and because this action arises from Wolfpack Auto's transaction of business within this judicial district and the commission of tortious acts within this judicial district.

9. This Court has personal jurisdiction over Defendant Lynn because, on information and belief, Mr. Lynn is an individual who resides within this judicial district, and because this action arises from Lynn's transaction of business within this judicial district and the commission of tortious acts within this judicial district.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### NC State and its WOLFPACK Mark

11. Since its founding in 1887, NC State has been committed to both scholastic and athletic excellence, earning the university a ranking among the best public universities in America. Home to more than 130 corporate and government research partners, NC State is one of the premier research universities in the country. NC State, also known as the "People's University," is globally recognized for its leadership in science, technology, engineering and mathematics. More than 31,000 current students and 8,000 staff members are proud to call the "People's University" home.

12. In 1895, NC State and its student body embraced the colors red and white as NC State's school colors. More than 100 years later, NC State, its faculty, student body, alumni and sports fans across the nation continue to wear red and white to signify NC State and its athletic excellence.

13. In the early 1920s, NC State adopted the mark WOLFPACK to refer to its student body and mascot. In recognition of its rights in the WOLFPACK mark, the United States Patent and Trademark Office granted NC State federal trademark registration numbers 1,259,508 and 3,016,722 for the mark WOLFPACK. Federal Reg. No. 1,259,508 (" '508 Registration"), covers *entertainment services-namely, promoting and conducting college level men's and women's sporting events, and various clothing items, such as shirts, jeans, and jackets*. Federal Reg. No. 3,016,722 (" '722 Registration"), covers several goods and services, such as *metal license plates, bracelets, earrings, decals, posters, drinking glasses, various clothing items, footballs, and entertainment services, namely, arranging, organizing and staging a wide variety of college level men's and women's sporting events, excluding ice hockey*. True and correct copies of these registrations, which list the goods and services in full, are attached hereto as Exhibit A.

14. For more than eighty years, NC State has extensively and exclusively used, or has licensed to others the right to use, the WOLFPACK mark and the colors red and white (collectively the "WOLFPACK Mark") in promotion of a variety of goods and services. With more than 500 licensees, NC State generates more than $860,000 in royalties per year from its licensees.

15. NC State also generates revenue from numerous sponsorships and from advertising sales. Historically, automobile dealerships have been one of NC State's most active sponsors and advertisers. Sports fans often have the opportunity to view dealerships' latest car models at car displays at sporting events, or to listen to radio advertisements for the dealerships throughout North Carolina.

16. Recognized student organizations throughout campus use the WOLFPACK mark. These student organizations include, for example, Wolfpack Drag Strip Club, a competitive driving club, and Wolfpack Student Car Club, a club for car enthusiasts. Specifically, Wolfpack Student Car Club is dedicated to educating those in Raleigh about motor sports through car shows, demonstrations and charity events.

**Defendants and Their Unlawful Acts**

17. On information and belief, Defendant Wolfpack Auto is an automobile dealership in Raleigh, North Carolina that sells pre-owned vehicles, such as Nissan, Toyota and Infiniti. Defendant Wolfpack Auto's dealership is located approximately .2 miles from NC State's campus.

18. On information and belief, Defendant Lynn is the owner of Wolfpack Auto.

19. Defendants use the mark WOLFPACK AUTO SALES, which incorporates the mark WOLFPACK and the generic phrase "auto sales," to market and sell their vehicles. In

addition to promoting their services under the mark WOLFPACK AUTO SALES (the "WOLFPACK AUTO Mark"), Defendants also use the colors red and white to promote their business.

20.  To promote their business, the WOLFPACK AUTO Mark is used on, among other things, a website operated by Defendants at the domain name www.wolfpackautosales.com.  The banner greeting individuals to the website is shown below.



21.  Defendants had actual and constructive knowledge of NC State's use of the WOLFPACK Mark prior to adopting the WOLFPACK AUTO Mark.

22.  Defendants' unauthorized use of the WOLFPACK AUTO Mark is an attempt to trade on the goodwill of NC State and its WOLFPACK Mark, and to falsely imply that Defendants are affiliated or associated with, or sponsored or endorsed by, NC State.

## COUNT I

### Federal Trademark and Service Mark Infringement
### Under Section 32(1) of the Lanham Act

23.  NC State incorporates herein and realleges, as if fully set forth in this paragraph, each and every allegation in the paragraphs 1-22, inclusive.

24.  NC State owns two federal registrations for the WOLFPACK Mark, which serve to identify to the public certain goods and services that are offered by NC State alone, and the goods and services offered in connection with that mark are regarded by the public as being offered by, approved by, authorized by, associated with, or affiliated with NC State.

25. Defendants use NC State's WOLFPACK Mark in its entirety in commerce in connection with the sale, offering for sale, or advertising of their own services without NC State's authorization, in a manner that is likely to confuse, mislead, or deceive the public as to the true source, origin, or sponsorship of Defendants' services.

26. Defendants' use of the WOLFPACK AUTO Mark infringes NC State's exclusive rights in its federally registered trademarks, specifically the '508 Registration and the '722 Registration, in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1).

27. Defendants' aforesaid conduct has enabled Defendants to earn profits to which Defendants are not in law, equity, or good conscience entitled, and have unjustly enriched Defendants, all to Defendants' profit and NC State's damage and detriment.

28. Defendants' adoption and use of the WOLFPACK AUTO Mark was willful and intended for the purpose of trading on NC State's reputation and goodwill.

29. Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to NC State and the goodwill associated with the WOLFPACK Mark for which NC State has no adequate remedy at law.

30. NC State is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

31. As a result of Defendants' willful and intentional misconduct, NC State is also entitled to recover monetary damages, profits, costs and reasonable attorneys' fees, in an amount to be determined at trial.

## COUNT II

**Federal Unfair Competition and False Designation of Origin
Under Section 43(a)(1)(A) of the Lanham Act**

32. NC State incorporates herein and realleges, as if fully set forth in this paragraph, each and every allegation in the paragraphs 1-31, inclusive.

33. By virtue of its prior adoption and use in interstate commerce of the WOLFPACK Mark in this judicial district and elsewhere, NC State has acquired, established, and owns common law trademark and service mark rights in the WOLFPACK Mark, which serve to identify to the public certain goods and services that are offered by NC State alone, and the goods and services offered in connection with the mark are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with NC State.

34. Defendants have adopted NC State's WOLFPACK Mark in its entirety and use the WOLFPACK AUTO Mark in commerce in connection with the sale, offering for sale, or advertising of their own services without NC State's authorization, for the calculated purpose of passing off their services as those of NC State, or trading upon NC State's significant goodwill and reputation, and of deceiving the public as to the true nature and characteristics of Defendants' services. Defendants' conduct is likely to confuse, mislead, or deceive the public as to the true source, origin, or sponsorship of Defendants' goods and services.

35. Defendants' aforesaid conduct constitutes unfair competition and false designation of origin in violation Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

36. Defendants' aforesaid conduct has enabled Defendants to earn profits to which Defendants are not in law, equity, or good conscience entitled, and has unjustly enriched Defendants, all to Defendants' profit and NC State's damage and detriment.

37. Defendants' adoption and use of the WOLFPACK AUTO Mark was willful and intended for the purpose of trading on NC State's reputation and goodwill.

38. Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to NC State and the goodwill associated with the WOLFPACK Mark for which NC State has no adequate remedy at law.

39. NC State is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

40. As a result of Defendants' willful and intentional misconduct, NC State is also entitled to recover monetary damages, profits, costs and reasonable attorneys' fees, in an amount to be determined at trial.

## COUNT III

### Federal Trademark Dilution
### Under Section 43(c) of the Lanham Act

41. NC State incorporates herein and realleges, as if fully set forth in this paragraph, each and every allegation in the paragraphs 1-40, inclusive.

42. As a result of NC State's long term and widespread use of its WOLFPACK Mark and the amount of publicity and recognition surrounding NC State's goods and services, NC State's WOLFPACK Mark has achieved a level of recognition such that it is famous and was famous prior to the acts of Defendants complained of herein.

43. Defendants' use of the WOLFPACK AUTO Mark in connection with its goods and services is likely to dilute and/or tarnish the distinctive quality of NC State's WOLFPACK Mark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

44. Defendants' aforesaid conduct has enabled Defendants to earn profits to which Defendants are not in law, equity, or good conscience entitled, and have unjustly enriched Defendants, all to Defendants' profit and NC State's damage and detriment.

45. Defendants' adoption and use of the WOLFPACK AUTO Mark was willful and intended for the purpose of trading on NC State's reputation and goodwill.

46. Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to NC State and the goodwill associated with the WOLFPACK Mark for which NC State has no adequate remedy at law.

47. NC State is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

48. As a result of Defendants' willful and intentional misconduct, NC State is also entitled to recover monetary damages, profits, costs and reasonable attorneys' fees, in an amount to be determined at trial.

## COUNT IV

### Common Law Trademark and Service Mark Infringement

49. NC State incorporates herein and realleges, as if fully set forth in this paragraph, each and every allegation in the paragraphs 1-48, inclusive.

50. By virtue of its prior adoption and use in interstate commerce of the WOLFPACK Mark in this judicial district and elsewhere, NC State has acquired, established, and owns common law trademark and service mark rights in the WOLFPACK Mark, which serves to identify to the public certain goods and services that are offered by NC State, and the goods and services offered in connection with the mark are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with NC State.

51. Defendants have adopted the WOLFPACK Mark in its entirety and use the WOLFPACK AUTO Mark in commerce in connection with the sale, offering for sale, or advertising of its own services without NC State's authorization, in a manner that is likely to confuse, mislead, or deceive the public as to the true source, origin, or sponsorship of Defendants' services.

52. Defendants' conduct constitutes trademark and service mark infringement in violation of the common law of the state of North Carolina.

53. Defendants' aforesaid conduct has enabled Defendants to earn profits to which Defendants are not in law, equity, or good conscience entitled, and have unjustly enriched Defendants, all to Defendants' profit and NC State's damage and detriment.

54. Defendants' adoption and use of the WOLFPACK AUTO Mark was willful and intended for the purpose of trading off of NC State's reputation and goodwill.

55. Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to NC State and the goodwill associated with the WOLFPACK Mark for which NC State has no adequate remedy at law.

56. NC State is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

57. As a result of Defendants' willful and intentional misconduct, NC State is also entitled to recover monetary damages, profits, punitive damages, costs and reasonable attorneys' fees, in an amount to be determined at trial.

## COUNT V

**Common Law Unfair Competition**

58. NC State incorporates herein and realleges, as if fully set forth in this paragraph, each and every allegation in the paragraphs 1-57, inclusive.

59. By virtue of its prior adoption and use in interstate commerce of the WOLFPACK Mark in this judicial district and elsewhere, NC State has acquired, established, and owns common law trademark and service mark rights in the WOLFPACK Mark, which serve to identify to the public certain goods and services that are offered by NC State, and the goods and services offered in connection with the mark are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with NC State.

60. Defendants have adopted the WOLFPACK Mark in its entirety in commerce in connection with the sale, offering for sale, or advertising of their own services without authorization, for the calculated purpose of passing off their services as those of NC State, or trading upon NC State's significant goodwill and reputation, and of deceiving the public as to the true nature and characteristics of Defendants' services. Defendants' conduct is likely to confuse, mislead, or deceive the public as to the true source, origin, or sponsorship of Defendants' goods and services.

61. Defendants' aforesaid conduct constitutes unfair competition in violation of the common law of the state of North Carolina.

62. Defendants' aforesaid conduct has enabled Defendants to earn profits to which Defendants are not in law, equity, or good conscience entitled, and have unjustly enriched Defendants, all to Defendants' profit and NC State's damage and detriment.

63. Defendants' adoption and use of the WOLFPACK AUTO Mark was willful and intended for the purpose of trading off of NC State's reputation and goodwill.

64. Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to NC State and the goodwill associated with the WOLFPACK Mark for which NC State has no adequate remedy at law.

65. NC State is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

66. As a result of Defendants' willful and intentional misconduct, NC State is also entitled to recover monetary damages, profits, punitive damages, costs and reasonable attorneys' fees, in an amount to be determined at trial.

## COUNT VI

**Unfair and Deceptive Trade Practices
In Violation of North Carolina Unfair & Deceptive
Trade Practices Act ("UDPTA"), N.C.G.S. § 75-1.1,** *et seq.*

67. NC State incorporates herein and realleges, as if fully set forth in this paragraph, each and every allegation in the paragraphs 1-66, inclusive.

68. By their actions described above, Defendants have engaged, and is engaging, in unfair methods of competition in or affecting commerce, and unfair or deceptive actions or practices in or affecting commerce, which actions or practices offend established public policy, are unethical, immoral, unscrupulous, and are substantially injurious to NC State and consumers in North Carolina, all in violation of N.C.G.S. § 75-1.1 *et seq.*

## JURY DEMAND

NC State demands trial by jury of all issues raised in the Complaint that are properly tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of Defendants' unlawful conduct as alleged in Counts I – VI of this Complaint, NC State respectfully prays that:

A. The Court enter judgment that the WOLFPACK Mark is a valid and enforceable trademark and service mark and that Defendants, as a result of their unauthorized copying and use of the WOLFPACK AUTO Mark, have:

1. infringed NC State's rights in the WOLFPACK Mark, specifically registration numbers 1,259,508 and 3,016,722, in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1), and the common law of the state of North Carolina;

2. engaged in unfair competition and false designation of origin in violation Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a), and the common law of the state of North Carolina;

3. engaged in trademark dilution in violation of the Federal Trademark Dilution Revision Act, 15 U.S.C. § 1125(c); and

4. engaged in unfair and deceptive trade practices in violation of North Carolina Unfair & Deceptive Trade Practices Act ("UDPTA"), N.C.G.S. § 75-1.1 *et seq*.

B. The Court enter a preliminary and, thereafter, permanent injunction, enjoining Defendants and each of their divisions, related companies, officers, directors, agents, servants, employees, and all those persons in concert or participation with each of them, from:

1. using or authorizing the use of the WOLFPACK Mark, or any reproduction, counterfeit, copy, or colorable imitation thereof, in any form, or in any manner, or otherwise infringing the WOLFPACK Mark;

2. passing off, or inducing or enabling others to sell or pass off any goods or services which are not authorized by NC State for goods or services sponsored or endorsed by, associated or affiliated with NC State;

3. otherwise unfairly competing with, injuring the business or reputation of, or damaging the goodwill of NC State in any manner;

4. otherwise falsely representing themselves as being connected with, sponsored by, or associated with NC State, including through the use of any indicia (e.g. images of a wolf) of such an association;

5. otherwise infringing or diluting the distinctive quality of the WOLFPACK Mark; and

6. otherwise engaging in deceptive trade practices or unfair competition which in any way injures NC State.

C. Pursuant to Section 36 of the Trademark Act of 1946, 15 U.S.C. § 1118, Defendants be directed to deliver to NC State for destruction all advertising and promotional materials, signs, business cards, and all other materials which bear the WOLFPACK AUTO Mark in any form, and all plates, molds, matrices, and other means of making or duplicating the same;

D. Defendants transfer the domain name www.wolfpackautosales.com, as well as any other domain name containing the WOLFPACK Mark, in whole or in part, to Plaintiff.

E. Pursuant to Section 35 of the Trademark Act of 1946, 15 U.S.C. § 1117, an accounting be had and judgment rendered against Defendants for the profits, gains, and advantage derived from their wrongful actions and the damages sustained by NC State as a result of Defendants' actions, with such amounts to be trebled as provided by law because of the willful and deliberate nature of Defendants' actions;

F.	Defendant be required to pay NC State's actual damages, enhanced damages, and punitive damages in light of the willful, intentional, and predatory nature of its actions, with such amounts to be trebled as provided by N.C.G.S. § 75-16;

G.	Pursuant to Section 35 of the Trademark Act of 1946, 15 U.S.C. § 1117(a), Defendant be required to pay NC State both the costs of this action and the reasonable attorneys' fees NC State has incurred in connection with this action; and

H.	The Court grant NC State such other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of September, 2010.

    */s/ Jason M. Sneed*

JASON M. SNEED
North Carolina Bar No. 29593
*jason.sneed@alston.com*
ALSTON & BIRD LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111

*Counsel for Plaintiff*
*North Carolina State University*

*Of Counsel:*
Jason D. Rosenberg
Georgia Bar No. 510855
*jason.rosenberg@alston.com*
Nadya M. Munasifi
Georgia Bar No. 156051
*nadya.munasifi@alston.com*
ALSTON & BIRD LLP
1201 West Peachtree Street

Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777